McFarland, J.,
delivered the opinion of the court:
The suit was commenced by Betterton against the Bar-tow Iron Company, James Roope, and Exchange and Deposit Bank, before a justice of the peace, the warrant being to answer “in a plea of debt due by note or draft.” The judgment of the justice was in favor of the two first named defendants, which ended the cause as to them, there having been no appeal by the plaintiff. This judgment, however, was against the bank — the cause went by appeal to- the circuit court, and was tried without a jury, ánd judgment rendered in favor of the bank, from which the plaintiff has appealed to this court.
The facts upon 'which the right to recover is claimed are, that James Roope was indebted to' the plaintiff, and not having the money to nay, delivered to him a draft for $120.36, drawn by A. C. Eaton, agent, on the Bartow Iron Company, Rome, Ga., payable to the order of said Roope, at thirty days, which said Roope indorsed in blank. Better-ton indorsed the draft to the bank, and received the proceeds; his indorsement was made at Chattanooga, in this state.
The bank sent the draft to the correspondent at Rome, and it was presented fdr acceptance, and afterwards at maturity for payment, but acceptance and payment were refused, the agent of the Bartow Iron Company saying he had no authority to accept, nor did he have the authority or funds to pay. The principal office of the company having,- in the meantime, been removed to Chattanooga, the draft was not protested, but was returned to the bank at *63 Chattanooga, and ‘the cashier at once notified Betterton verbally of the dishonor of the draft, and demanded payment, and satisfied Betterton by the production of the Georgia laws that protest was not necessary to hold him liable, and Betterton paid the draft and took it up. It is now claimed that he was not liable to the bank on his in-dorsement, because the draft was not protested and notice thereof given, and that he ivas misled by the cashier of the bank, paid the money under mistake, and should recover it back. By the laws of Georgia it is conceded that protest is not necessary in a case of a draft of this character, but as the indorsement was in this state, it is insisted that our laws should govern, and that by our laws such protest and notice are necessary.
We see no evidence that the cashier of the bank was guilty of any fraud, or that he misled the plaintiff as to the Georgia law upon the subject. We must presume that both parties knew the law of this state. The question about, which the mistake was made, if one was made, was whether' the law of Georgia, or the law of this state, should govern as to the liability of the indorser. This was a question about which the parties and courts even might differ, and' if the plaintiff chose to yield this question and concede his liability rather than test it in the courts, we do' not see that he can receive the money back. He did not act under any misapprehension of fact. The cashier of the bank, so far as we see, v^as guilty of no fraud. He simply urged his view of the law, and the plaintiff yielded. It would not do to reopen all settlements made between parties simply because they have acted under a misapprehension of their legal rights. We.had a case before us sorqe years ago at Hashvilie, in which it appeared that a complainant,. acting under the belief that payment of debts made in Confederate money were held void by the' courts, paid a debt the second time. We held that, although, in our opinion, he was'not- liable to pay the debt the second'time, *64 yet Raving done so, lie could not recover tlie money back. It was an adjustment and settlement of a disputed right between the parties, and in the absence of fraud or mis7 take of fact, could not be disturbed.
Such vve think is the case. It seems to be a case of hardship on the plaintiff, as in a suit between him and Roope, at the present term [Betterton v. Roope, 3 Lea, 215], it has been held that he was liable to' Roope for the amount of the draft, he having taken it to- collect, and, haring failed by his agent or indorser (the bank) to- use due diligence, by reason of which it was lost, the proof in that case showing, as stated in the opinion, that the draft would have been paid if presented at maturity, the company afterwards failing. It would seem to- be reasonable that upon this hypothesis the bank ought to' be liable to the plaintiff for the negligence, but as we have seen, the proof in this case shows the draft was presented, the only neglect was to- have it protested, and the plaintiff and the bank have adjusted their respective rights in regard thereto. We have assumed that the plaintiff might recover if the facts warranted it upon the warrant in this; case, which is, perhaps, doubtful.
Judgment affirmed.